Khanh N. Nguyen, MN 0390125
1001 Washington Avenue South
Minneapolis, MN 55415
Telephone: 962-888-3788
Email: khanh@knnlawoffice.com

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nelson Fabian Moposita Sisa (aka Nelson Fabian Mopcsita Sisa),<br><br>Petitioner,<br><br>v.<br><br>Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement, Immigration and Customs Enforcement; David Easterwood, Acting Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement; Pamela Bondi, U.S. Attorney General; Executive Office for Immigration Review; Warden, ERO ICE Detention, Cass County Jail, Plattsmouth, Nebraska,<br><br>Respondents. | Case No.<br><br>**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Expedited Handling Requested |

# INTRODUCTION

1. Petitioner Nelson Fabian Moposita Sisa (aka Mopcsita Sisa) brings this petition for a writ of habeas corpus to seek enforcement of his rights pursuant to the Fifth Amendment's Due Process Clause, which forbids the government from depriving "any person…of…liberty…without due process of law. U.S. CONST.amend.V. "Freedom from imprisonment-from government custody, detention, or other forms of physical restraint-lies at the heart of the liberty that Clause protects." *Zadvydas v. David.,* 533 U.S. 678, 690 (2001). Petitioner is in the physical custody of Respondents at the ERO Otero Detention Facility in Chapparal, New Mexico. He is unlawfully detained as he was arrested and detained without a warrant in the State of Minnesota on January 9, 2026 and was transferred to New Mexico without justification where he remains detained.

2. Petitioner also brings this petition for a writ of habeas corpus to seek enforcement of his rights as a member of the Bond Denial Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.) Petitioner is in the physical custody of Respondents at the Otero Detention Facililty.

3. On November 25, 2025, the district court certified a nationwide class and extended declaratory judgment to the certified class. *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025) (order granting partial summary judgment to named Plaintiffs-Petitioners); *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (order certifying Plaintiffs-Petitioners' proposed nationwide Bond Eligible Class, incorporating and extending declaratory judgment from Order Granting Petitioners' Motion for Partial Summary Judgment).

4. The declaratory judgment held that the Bond Denial Class members are detained under 8 U.S.C. § 1226(a), and thus may not be denied consideration for release on bond under § 1225(b)(2)(A). *Maldonado Bautista*, 2025 WL 3289861, at *11.

5. Immigration judges have been denying bond, informing class members in bond hearings that they have been instructed by "leadership" that the declaratory judgment in *Maldonado Bautista* is not controlling, even with respect to class members, and that IJs are bound to follow the agency's prior decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

6. Petitioner's arrest appears to be part of "Operation Metro Surge," which utilizes hundreds of actors who are masked, armed, traveling in unmarked vehicles, and frequently refusing to identify themselves, disregarding the constitutionality of their actions. *See*, e.g., Compl., *Tincher et. al. v. Noem*, No. 0:25-cv-04669. (D. Minn. 12/17/2025).

7. Detainees are being quickly transferred from one facility to another facility in another state where attorneys are unable to locate their clients and/or finding IJs declining jurisdiction based on Hurtado and/or based on venue once detainees have been transferred. This increases the fear and uncertainty for detainees. Detainees are often transferred to Louisiana, Texas, and most recently, New Mexico.

8. Petitioner is a member of the Bond Eligible Class, as he:

   a. does not have lawful status in the United States and is currently detained. He was apprehended by immigration authorities on January 27, 2026, on his way to work in Minneapolis, Minnesota;

   b. entered the United States without inspection on or February 3, 2024 at Tecate, California, and was released on February 5, 2024, with a Notice to Appear;

2

      c. is not detained under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231; and

      d. does not have a criminal history;

      e. has family connections in the State of Minnesota;

      f. has a pending I-589 Application for Asylum;

      g. is neither a flight risk nor a danger to the public.

9. Petitioner resides in the City of Minneapolis, County of Hennepin, State of Minnesota.

10. Petitioner was detained on or around January 3, 2026 in Minneapolis, Minnesota as part of "Operation Metro Surge" on his way to work. He was detained in the State of Minnesota without cause and without a warrant. Petitioner was a block away from his home. There is no known basis for his re-detention. Petitioner was then transferred to Plattsmouth, Nebraska, with no justification, where he currently remains.

11. Petitioner resides in and has family connections in the State of Minnesota where he has lived since 2024. Petitioner has significant contacts in the State of Minnesota. He is not a flight risk.

12. Petitioner is entitled to due process of law pursuant to the Fifth Amendment's Due Process Clause and as such has a protected liberty interest to be free from deprivation of liberty without due process. *Id.* Petitioner is neither a danger to the public nor is he a flight risk. To continue to detain him is a deprivation of his liberty without due process.

13. Regardless, the Executive Office for Immigration Review and its subagency the Department of Homeland Security (DHS) have refused to set bond or release the Petitioner, thereby continuing Petitioner's unlawful detention without a warrant and without cause.

An Immigration Judge must apply the U.S. Supreme Court's balancing test in *Mathews v. Eldridge*, stating that "the fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner." *Acosta v. Noem,* No. EP-25-CV-00741-DB, quoting *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976). ) "…the specific dictates of due process generally requires consideration of three distinct factors…" 1) "the private interest …affected by the official action"; 2) "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedure requirement would entail"; and 3) "the risk of an erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards." *Matthews,* at 335.

14. The Immigration Judge has jurisdiction to grant bond for Petitioner, and to order his release. Petitioner:

   a. Does not have lawful status in the United States and is currently detained at the Cass County ICE Detention Facility in Plattsmouth, Nebraska after being apprehended by immigration authorities on January 3, 2026 in the State of Minnesota;

   b. entered the United States without inspection on or around February 3, 2024 and was released on February 5, 2024 and issued an NTA;

   c. is not detained under 8 U.S.C. § 1226(c) or § 1231;

   d. has a pending I589;

   e. has no criminal history;

   f. has family in Minnesota and is neither a flight risk nor a danger to the public.

15. Because Respondents are detaining Petitioner in violation of his Fifth Amendment right to due process, the Court should accordingly order that within one day, Respondent DHS must release Petitioner.

16. Because Respondents are detaining Petitioner in violation of *Maldonado Bautista*, the Court should accordingly order that Petitioner be released immediately.

17. Because Respondents have been transferring detainees out of the State of Minnesota inexplicably without reason or notice, hindering their abilities to fight their cases, Petitioner asserts that the Cout in Minnesota is the proper jurisdiction and venue.

Although *generally*, in habeas cases, venue is proper in the judicial district where the person is detained at the time of filing, if the petition is not filed in the district of confinement, it should be explained why venue is proper under 28 U.S.C. § 1391(e), which provides that, "in cases where the respondent is a U.S. officer, employee or agency, venue lies in any judicial district where respondent resides, where a substantial part of the relevant events/omissions occurred, or where the petitioner resides if no real property is involved in the action." *Id.* In situations where venue is questioned, the Court may apply factors outlined in *Braden v. 30th Judicial Circuit Court of Kentucky*, such as the convenience of the forum and/or the appropriateness of the forum *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). *Braden* additionally states that custodians must be easily served. *Id.* The custodian in Petitioner's case can be easily served. Minnesota is the most convenient and appropriate venue for the Petitioner's case. Respondents initiated his detention in Minnesota. The Respondents are the parties changing custodians rapidly by moving detainees to different states, with no basis, and no notice.

In the present case, Respondents are U.S. officers, employees and agencies, Petitioner resides in the State of Minnesota. Petitioner was apprehended and detained in in the state of Minnesota. Petitioner received an NTA in 2024, and has been in the State of Minnesota since 2024, where he has significant contacts in the State of Minnesota. A substantial part of the relevant events regarding Petitioner's detention occurred in the State of Minnesota, where Petitioner was apprehended and detained as part of "Metro Surge," which is based in Minnesota.

5

Respondents transferred Petitioner out of the State of Minnesota after he was detained in Minnesota. Petitioner lives in Minnesota with his family members. Petitioner has been living in the State of Minnesota since 2024. Petitioner's attorney is in Minnesota and Petitioner has pending applications filed from the State of Minnesota. Yet, the Respondents transferred the Petitioner to Plattsmouth, Nebraska, thereby directly impeding Petitioner's due process rights to access to counsel and for his case to be heard in the jurisdiction in which he lives . DHS/ICE has been transferring Petitioners out of Minnesota in an effort to inhibit their opportunities to fight their cases. Moving Petitioners to different states impedes the ability to work on their cases with their attorneys and creates confusion, fear, and chaos. *Rumsfeld v. Padilla*, decided in 2004, cited as justification to transfer cases out of the state of residence, could not have foreseen this blatant abuse of the law in order to circumvent due process. Respondents appear to be forum-shopping all the while violating due process.

**JURISDICTION**

18. Petitioner is in the physical custody of Respondents. Petitioner is detained at the Cass County Jail in Plattsmouth, Nebraska in ERO custody. The Minnesota District Court has jurisdiction and is the proper venue for this petition as outlined below.

19. This Court has jurisdiction under 28 U.S.C. § 2241(c)(5) (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, section 9, clause 2 of the United States Constitution (the Suspension Clause).

20. This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

21. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the District of Minnesota, as that is where Petitioner was initially detained, where he lives, where his attorney is, where his applications were filed, and the venue and forum most convenient and applicable to his case.

22. Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in the District of Minnesota.

Petitioner maintains that the U.S. District Court of Minnesota has jurisdiction in this matter.

## REQUIREMENTS OF 28 U.S.C. § 2243

23. The Court should grant the petition for writ of habeas corpus "forthwith," as the Fifth Amendment Due Process Clause requires Petitioner's release.

24. Habeas corpus is "perhaps the most important writ known to the constitutional law . . . affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added). "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

## PARTIES

25. Petitioner Nelson Fabian Moposita Sisa, is a citizen of Ecuador, who has been in immigration detention since January 3, 2026, after being detained in Minneapolis, Minnesota.

He was then transferred to Cass County Jail in Plattsmouth, Nebraska where he remains. ICE has not set bond. Petitioner has a Master Calendar hearing in Nebraska on February 25, 2026.

26. Respondent David Easterwood is the Acting Director of the St. Paul Field Office of ICE's Enforcement and Removal Operations division. As such, David Easterwood is Petitioner's immediate custodian and is responsible for Petitioner's detention and removal. He is named in his official capacity.

27. Respondent Kristi Noem is the Secretary of the Department of Homeland Security. She is responsible for the implementation and enforcement of the Immigration and Nationality Act (INA), and oversees ICE, which is responsible for Petitioner's detention. Ms. Noem has ultimate custodial authority over Petitioner and is sued in her official capacity.

28. Respondent Department of Homeland Security (DHS) is the federal agency responsible for implementing and enforcing the INA, including the detention and removal of noncitizens.

29. Respondent Pamela Bondi is the Attorney General of the United States. She is responsible for the Department of Justice, of which the Executive Office for Immigration Review and the immigration court system it operates is a component agency. She is sued in her official capacity.

30. Respondent Executive Office for Immigration Review (EOIR) is the federal agency responsible for implementing and enforcing the INA in removal proceedings, including for custody redeterminations in bond hearings.

31. Respondent Warden, ERO Detention at Cass County Jail is employed by the Department of Homeland Security and presumably has immediate physical custody of Petitioner. He or she is sued in his or her official capacity.

## CLAIM FOR RELIEF

### COUNT ONE
### Violation of the INA:
### Request for Relief Pursuant to *Maldonado Bautista*

32. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

33. As a member of the Bond Eligible Class, Petitioner is entitled to consideration for release on bond under 8 U.S.C. § 1226(a).

34. The order granting partial summary judgment in *Maldonado Bautista* holds that Respondents violate the INA in applying the mandatory detention statute at § 1225(b)(2) to class members.

35. The order granting class certification in *Maldonado Bautista* further orders that "[w]hen considering this determination with the MSJ Order, the Court extends the same declaratory relief granted to Petitioners to the Bond Eligible Class as a whole."

36. Respondents are parties to *Maldonado Bautista* and bound by the Court's declaratory judgment, which has the full "force and effect of a final judgment." 28 U.S.C. § 2201(a).

37. By denying bond for Petitioner and asserting that he is subject to mandatory detention under § 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA and the Court's judgment in *Maldonado Bautista*.

### COUNT TWO
### Violation of the Fifth Amendment of the United States Constitution:
### Request for Relief Pursuant to the Fifth Amendment Due Process Clause

38. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

39. The Immigration Judges have been instructed by their leadership to assert lack of jurisdiction pursuant to *Hurtado* and in violation of *Bautista*, have been continuing to keep bond seekers unlawfully detained, violating their Fifth Amendment Due Process rights under the United States Constitution.

40. The factors outlined above in *Mathews* weigh heavily in the favor of the Petitioner.

41. First, Petitioner has a significant private interest at stake. A person's interest in freedom from physical detention is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529, 124 S.Ct. 2633, 159 L.Ed.2d 578 (2004); see also *Zadvydas*, 533 U.S. at 690, 121 S.Ct. 2491 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects.").

Petitioner is wrongfully detained which is a direct attack on Petitioner's liberty interests.

42. Second, Petitioner will continue to be deprived of this interest if Petitioner continues to be detained without a legal basis and there is no rational basis for his continued detention. *Ahmed A v. Bondi*, Case No. 25-4776 (JWB/DJF) (January 6, 2026); *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1142–48, 1150–52 (D. Minn. 2025); *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 968–970 (D. Minn. 2025); *Mayamu K. v. Bondi*, Civ. No. 25-3035 (JWB/LIB), 2025 WL 3641819, at *7–8 (D. Minn. Oct. 20, 2025); *R.E. v. Bondi*, No. 0:25-cv-3946-NEB, 2025 WL 3146312 (D. Minn. Nov. 4, 2025); *Herrera Avila v. Bondi*, No. 0:25-cv-3741 (JRT), 2025 WL 2976539 (D. Minn. Oct. 21, 2025).

43. Lastly, the Government has no legitimate interest in continuing Petitioner's detention. It is undisputed that Petitioner poses no safety threats to the community and is not a flight risk.

44. The Petitioner's continued detention pending the resolution of ongoing immigration proceedings violates his constitutional rights to due process guaranteed in the Fifth Amendment.

45. Additionally, the Respondents have been withholding detainees' items including their phones, documentation and identifications upon their release. There is no reason to withhold these documents from detainees and prejudices detainees upon release as they are left without identification and their property.

## COUNT THREE

**Violation of the Administrative Procedure Act, 5 U.S.C. § 706**

**Detaining Petitioner Pursuant to an Unlawful Interpretation of 8 U.S.C. § 1225(b)(2) violates the Administrative Procedure Act**

46. Petitioner re-alleges and incorporates by reference each allegation contained in the preceding paragraphs as if set forth fully herein.

47. The APA provides that a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

48. The APA provides that a "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . without observance of procedure required by law." 5 U.S.C. § 706(2)(D).

49. Respondents through its recent administrative decision failed to articulate any reasonable explanations for new interpretation of the Act. This decision represents a change in

the agencies' policies and positions that negates the plain language of the Act, the will of Congress, and decades of administrative precedent.

**REMEDY**

50. An available remedy for Respondents' unlawful conduct as outlined in this complaint is for Petitioner to be returned to Minnesota, issued an NTA, and released.

51. Immigration detention is civil in nature, and as a result Congress must have expressly authorized it by statute, and the detention must be reasonably related to its statutory purpose. *Zadvydas v. Davis*, 533 U.S. 678, 687, 690 (2001) (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)).

52. A noncitizen seeking only to challenge the legality of their detention, not the substance of their removal proceedings in immigration court, may properly ask a federal court to find jurisdiction over such a request pursuant to 28 U.S.C. § 2241. *See, e.g., Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154–55 (D. Minn. 2025).

53. When a habeas petitioner's detention is without legal basis, the typical remedy is release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008).

**REQUEST FOR ORDER TO SHOW CAUSE**

54. Within three days, unless good cause for a delay is shown, "[a] court, justice or judge entering a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays that this Court grant the following relief:

a. Assume jurisdiction over this matter;

b. Order the immediate return of Petitioner to the State of Minnesota at Respondents' expense;

c. Enjoin Respondents from transferring Petitioner out of the District of Minnesota again pending the duration of these proceedings;

d. Issue an Order requiring Respondents to show cause as to why Petitioner should not be released immediately;

e. Alternatively, issue a writ of habeas corpus requiring that within one day, Respondents release Petitioner;

f. Alternatively, order DHS to conduct a bond hearing;

g. **Order that upon release, DHS return Petitioner's items and documents to him at the time of release;**

h. Grant any other and further relief that this Court deems just and proper.

DATED this 27th day of January, 2026.

    Respectfully submitted,

    KHANH NGUYEN LAW OFFICE

    //ss//Khanh Nguyen
    Khanh Ngoc Nguyen, #0390125
    1001 Washington Avenue South
    Minneapolis MN  55415
    Telephone: (952-888-3788
    Email: khanh@knnlawoffice.com
    *Attorneys for Petitioner*

## VERIFICATION

I, Khanh Ngoc Nguyen, being duly sworn upon oath hereby state:

I represent the Petitioner in these habeas corpus proceedings.  Petitioner, Nelson Fabian Moposita Sisa  is currently being detained at the Cass County Jail ERO Detention Center in Plattsmouth, Nebraska, and he is not able to appear in our office to sign the Verification.  I have reviewed the record of removal proceedings, and I have discussed the matter with Petitioner's family by phone.  I verify that the information contained in the foregoing petition is true and correct to the best of my knowledge and belief.

                                                    <u>//ss//Khanh Nguyen</u>
                                                    Khanh Ngoc Nguyen
                                                    Attorney for Petitioner