UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nelson M., | Civ. No. 26-705 (PAM/EMB) |
| Petitioner, | |
| v. | **ORDER** |
| Kristi Noem, Secretary U.S. Department of Homeland Security; Todd Lyons, Acting Director of Immigration and Customs Enforcement, Immigration and Customs Enforcement; David Easterwood, Acting Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement; Pamela Bondi, U.S. Attorney General; and Warden, ERO Ice Detention, Cass County Jail, Plattsmouth, Nebraska, | |
| Respondents. | |

Federal district courts may issue writs of habeas corpus only "within their respective jurisdictions. 28 U.S.C. § 2241(a). The exercise of jurisdiction in a habeas corpus proceeding generally requires that "the person who has custody over" the petitioner be found within the geographic boundaries of the Court. Id. § 2242; Padilla v. Rumsfeld, 542 U.S. 426, 434-35 (2004). Petitioner Nelson M. acknowledges that he is no longer being detained in Minnesota, see Petition at 10 (Docket No. 1), and therefore Petitioner's immediate custodian cannot be found in Minnesota, either. Accordingly, this proceeding should not have been brought in Minnesota.

Petitioner attempts to justify his invocation of the District of Minnesota as a proper venue to this action by citing 28 U.S.C. § 1391(e), which permits litigants suing federal officials to bring suit in the district in which the litigant resides. But the Supreme Court concluded long ago that § 1391(e) does not apply to habeas proceedings. See Schlanger v. Seamans, 401 U.S. 487, 490 n.4 (1971). Petitioner's other argument—that Padilla, in explaining the immediate-custodian rule, could not have anticipated a circumstance in which a detainee is quickly transferred from the place of arrest to another jurisdiction—is not borne out by the text of Padilla or the circumstances in which that case reached the Supreme Court.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court concludes that the transfer of this matter to the United States District Court for the District of Nebraska is in the interests of justice and will transfer this matter accordingly.

Accordingly, **IT IS HEREBY ORDERED that** this matter is **TRANSFERRED** to the United States District Court for the District of Nebraska.

Dated: January 28, 2026              s/ Paul A. Magnuson
                                                            Paul A. Magnuson
                                                            United States District Court Judge