IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NELSON FABIAN MOPOSITA SISA,<br><br>Petitioner,<br><br>vs.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement, Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement; PAMELA BONDI, U.S. Attorney General; WARDEN, ERO ICE DETENTION, Cass County Jail, Plattsmouth, Nebraska; and EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,<br><br>Respondents. | 8:26CV41<br><br>**ORDER TO SHOW CAUSE** |

## I.  INTRODUCTION

In this action for habeas corpus relief pursuant to 28 U.S.C. § 2241, Petitioner Nelson Fabian Moposita Sisa, an alien who is a citizen of Ecuador, challenges his detention by Immigration and Customs Enforcement (ICE) seeking enforcement of his rights as a member of the Bond Denial Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.). Filing 1 at 2 (¶ 2), 8 (¶ 25). Although in parts of his Petition he alleges that he is in ICE custody in New Mexico, *see, e.g.,* Filing 1 at 2 (¶ 1), he alleges in the jurisdictional part of his Petition that he is "detained at the Cass County Jail in Plattsmouth, Nebraska. Filing 1 at 6 (¶ 18). He alleges that his "arrest [without a warrant on January 9, 2026, in Minneapolis,

1

Minnesota,] appears to be part of 'Operation Metro Surge,' which utilizes hundreds of actors who are masked, armed, traveling in unmarked vehicles, and frequently refusing to identify themselves, disregarding the constitutionality of their actions. *See, e.g., Compl., Tincher et. al. v. Noem*, No. 0:25-cv-04669. (D. Minn. 12/17/2025)." Filing 1 at 3 (¶ 6); *see also* Filing 1 at 2 (¶ 1) (alleging arrest on January 9, 2026), 4 (¶ 10) (alleging detention "on or around January 3, 2026 in Minneapolis, Minnesota"). He alleges, "Because Respondents are detaining Petitioner in violation of *Maldonado Bautista*, the Court should accordingly order that Petitioner be released immediately." Filing 1 at 4 (¶ 16).

More specifically, Moposita Sisa asserts three causes of action for relief. In Count One, he alleges violation of the Immigration and Naturalization Act (INA) and requests relief pursuant to *Maldonado Bautista*. Filing 1 at 10. He alleges, "By denying bond for Petitioner and asserting that he is subject to mandatory detention under § 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA and the Court's judgment in *Maldonado Bautista*." Filing 1 at 10 (¶ 37). In Count Two, he asserts violation of the Fifth Amendment of the United States Constitution and requests relief pursuant to the Fifth Amendment Due Process Clause. Filing 1 at 9. He alleges that he "is wrongfully detained which is a direct attack on [his] liberty interests"; that he "continues to be detained without a legal basis and there is no rational basis for his continued detention"; and that "the Government has no legitimate interest in continuing [his] detention." Filing 1 at 11–12 (¶¶ 41–43). In Court Three, he alleges violation of the Administrative Procedure Act (APA), 5 U.S.C. § 706, because he is detained pursuant to an unlawful interpretation of 8 U.S.C. § 1225(b)(2). Filing 1 at 12. He alleges, "Respondents through its recent administrative decision failed to articulate any reasonable explanations for new interpretation of the Act. This decision represents a change in the agencies' policies and positions that negates the plain language of the Act, the will of Congress, and decades of administrative precedent." Filing 1 at 12–13 (¶ 49).

Moposita Sisa Requests an Order to Show Cause. Filing 1 at 11 (¶ 54). He seeks an order from the Court granting the following relief:

a.  Assume jurisdiction over this matter;

b.  Order the immediate return of Petitioner to the State of Minnesota at Respondents' expense;

c.  Enjoin Respondents from transferring Petitioner out of the District of Minnesota again pending the duration of these proceedings;

d.  Issue an Order requiring Respondents to show cause as to why Petitioner should not be released immediately;

e.  Alternatively, issue a writ of habeas corpus requiring that within one day, Respondents release Petitioner;

f.  Alternatively, order DHS to conduct a bond hearing;

g.  Order that upon release, DHS return Petitioner's items and documents to him at the time of release;

h.  Grant any other and further relief that this Court deems just and proper.

Filing 1 at 14 (Prayer).

Although Moposita Sisa has filed no proof of service on any Respondent and has filed no separate Motion for an Order to Show Cause pursuant to 28 U.S.C. § 2243, the Court concludes that it should now enter an Order to Show Cause.

## II. LEGAL ANALYSIS

As the United States Supreme Court explained, "In enacting the present Title 28 of the United States Code [in 1948], Congress largely recodified the federal courts' pre-existing habeas authority in §§ 2241 and 2243, which, respectively, confer the power to grant the writ and direct the issuing court to 'dispose of the matter as law and justice require.'" *Jones v. Hendrix*, 599 U.S. 465, 473 (2023) (quoting 62 Stat 869, 964–65). As to habeas relief, "a habeas court is 'not bound in every case' to issue the writ." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (quoting *Ex parte*

3

*Royall*, 117 U.S. 241, 251 (1886)). Instead, "[t]he habeas statute provides only that a writ of habeas corpus "*may* be granted." *Id.* (quoting 28 U.S.C. § 2241(a), with emphasis added by the Supreme Court).

As to the applicable procedure for habeas actions, § 2243 provides as follows:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.

The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.

The return and all suggestions made against it may be amended, by leave of court, before or after being filed.

The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

28 U.S.C. § 2243. Thus, "[u]nder 28 U.S.C. § 2243, '[a] court, justice or judge entertaining an application for a writ of habeas corpus' must schedule a hearing on the matter unless it is clear from the application that a petitioner is not entitled to relief." *Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022).

This Court concludes that it is not clear from Moposita Sisa's Petition that he is not entitled to relief. *Id.*; 28 U.S.C. § 2243 (stating that the court must grant habeas relief or hold a show-cause hearing "unless it appears from the application that the applicant or person detained is not entitled

4

thereto."). On the other hand, the Court declines to "forthwith award the writ" based on no more than Moposita Sisa's allegations. 28 U.S.C. § 2243. Instead, the Court concludes that the proper course in this case is to "issue an order directing the respondent to show cause why the writ should not be granted." *Id.*

Section 2243 sets out certain times for Respondents' "return" of the order to show cause and the setting of a hearing. *Id.* While the Court will set a deadline for Respondents to "make a return certifying the true cause of the detention," the time for Respondent to do so will not begin to run until Respondents are served with Moposita Sisa's Petition and this Order to Show Cause. The Court finds good cause, based on the circumstances and allegations presented, to allow Moposita Sisa the opportunity for a written reply after Respondents make their return but before the show-cause hearing. *Id.* (stating, "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed."). Because the deadlines for Respondents' return and Moposita Sisa's reply depend upon service of the Respondents, the Court will not set a date and time for the show-cause hearing at this time.

Accordingly,

IT IS ORDERED that

1. Petitioner Moposita Sisa shall serve his Petition and a copy of this Order to Show Cause on Respondents without delay and shall file proof of such service with the Court within twenty-four hours of effecting such service;

3. Respondents shall make a return certifying the true cause of Moposita Sisa's detention and why his Petition should not be granted not later than three business days after receipt of service of Moposita Sisa's Petition and this Order to Show Cause;

4. Petitioner Moposita Sisa shall have three business days after Respondents file their return(s) to file any reply.

5

5. Upon the filing of Moposita Sisa's proof of service of the Petition and this Show Cause Order, the Court will promptly set a hearing on this matter.

Dated this 2nd day of February, 2026.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge