IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

NELSON FABIAN MOPOSITA SISA,

Petitioner,

vs.

KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement, Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement; PAMELA BONDI, U.S. Attorney General; WARDEN, ERO ICE DETENTION, Cass County Jail, Plattsmouth, Nebraska; and EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

Respondents.

8:26CV41

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

In this action for habeas corpus relief pursuant to 28 U.S.C. § 2241, Petitioner Nelson Fabian Moposita Sisa, an alien who is a citizen of Ecuador, challenges his detention by Immigration and Customs Enforcement (ICE) seeking enforcement of his rights as a member of the Bond Denial Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.). Filing 1 at 2 (¶ 2), 8 (¶ 25). Moposita Sisa asserts three causes of action for relief. In Count One, he alleges violation of the Immigration and Naturalization Act (INA) and requests relief pursuant to *Maldonado Bautista*. Filing 1 at 10. He alleges, "By denying bond for Petitioner and asserting that he is subject to mandatory detention under § 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA and the Court's judgment in *Maldonado*

1

*Bautista*." Filing 1 at 10 (¶ 37). In Count Two, he asserts violation of the Fifth Amendment of the United States Constitution and requests relief pursuant to the Fifth Amendment Due Process Clause. Filing 1 at 9. He alleges that he "is wrongfully detained which is a direct attack on [his] liberty interests"; that he "continues to be detained without a legal basis and there is no rational basis for his continued detention"; and that "the Government has no legitimate interest in continuing [his] detention." Filing 1 at 11–12 (¶¶ 41–43). In Count Three, he alleges violation of the Administrative Procedure Act (APA), 5 U.S.C. § 706, because he is detained pursuant to an unlawful interpretation of 8 U.S.C. § 1225(b)(2). Filing 1 at 12. He alleges, "Respondents through its recent administrative decision failed to articulate any reasonable explanations for new interpretation of the Act. This decision represents a change in the agencies' policies and positions that negates the plain language of the Act, the will of Congress, and decades of administrative precedent." Filing 1 at 12–13 (¶ 49).

The Court held a hearing on Moposita Sisa's Petition on February 24, 2026. However, at the hearing, the Court granted Moposita Sisa leave to serve the proper state official. Filing 21. Moposita Sisa filed proof of service on the proper state official on February 25, 2026. Filing 22. Thus, the Court now has jurisdiction to enter this decision on Moposita Sisa's Petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that "there is generally only one proper respondent to a given prisoner's habeas petition" and that "is 'the person' with the ability to produce the prisoner's body before the habeas court").

For the reasons set out in more detail in this Court's decision in *Alberto Rodriguez v. Jeffreys*, No. 8:25CV714, 2025 WL 3754411, at *7–11 (D. Neb. Dec. 29, 2025), the Court denies Moposita Sisa relief based on the decisions in *Maldonado Bautista* as he alleges in Count One of his Petition. Moposita Sisa argues that the *Maldonado Bautista* court issued binding final judgments on Federal Respondents granting declaratory judgment that the Bond Eligible Class

members like him are detained under 8 U.S.C. § 1226(a) and thus may not be denied consideration for release on bond under § 1225(b)(2)(A). Filing 1 at 10 (¶¶ 33–38). However, this Court concluded in *Alberto Rodriguez* that the *Maldonado Bautista* decisions are void as to class members and custodians outside of the Central District of California. 2025 WL 3754411, at *7–9. The Court concluded there—and reiterates here—that this conclusion was sufficient standing alone to deny a petition for a writ of habeas corpus premised on *Maldonado Bautista*. *Id.* at *9. Moposita Sisa has not convinced the Court otherwise. In *Alberto Rodriguez*, the Court also concluded that *Maldonado Baustista* does not have preclusive effect because an attempt to bar Federal Respondents from relitigating the issues presented in *Maldonado Bautista* is "nonmutual offensive issue preclusion," which is "unavailable against the United States.'" *Alberto Rodriguez*, 2025 WL 3754411, at *10 (quoting *Trump v. CASA, Inc.*, 606 U.S. 831, 852 n.13 (2025), and *United States v. Mendoza*, 464 U.S. 154, 162 (1984)). For this further reason, Moposita Sisa's claim for relief based on the decisions in *Maldonado Baustista*, like Alberto Rodriguez's comparable claim, is denied.

For the reasons set out in more detail in this Court's decision in *Alberto Rodriguez*, 2025 WL 3754411, at *14–17, the Court denies Moposita Sisa's claim of violation of his Fifth Amendment due process rights in Count Two of his Petition. As this Court pointed out in *Alberto Rodriguez*,

> The Eighth Circuit Court of Appeals recently explained, "The rule has been clear for decades: "[d]etention during deportation proceedings [i]s ... constitutionally valid." *Banyee v. Garland*, 115 F.4th 928, 931 (8th Cir. 2024) (quoting *Demore v. Kim*, 538 U.S. 510, 523 (2003)). In both *Banyee* and *Demore*, the statute at issue was 8 U.S.C. § 1226(c), which requires mandatory detention. *Id.* (citing *Demore*, 538 U.S. at 514).

*Alberto Rodriguez*, 2025 WL 3754411, at *15. For Moposita Sisa, like Alberto Rodriguez and the petitioner in *Banyee*, the deportation proceedings are still pending. *Id.* at *16 (citing *Banyee*, 115 F.4th at 933). Although both Alberto Rodriguez's and Moposita Sisa's detention is pursuant to

3

§ 1225(b), that provision like § 1226(c) at issue in *Banyee* does not authorize a bond hearing. *Id.*; *see also Jennings*, 583 U.S. at 297 (explaining that "neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings"). Furthermore, the Supreme Court has already performed the due process balancing test for immigration cases and found that detention is reasonable in the context of determination of whether an alien should be removed. *Id.*; *Banyee*, 115 F.4th at 933 ("These cases leave no room for a multi-factor 'reasonableness' test. It is true, as Banyee has pointed out, that deciding what process is due ordinarily requires a form of interest balancing. But *Zadvydas* and *Demore* have already done whatever balancing is necessary." (internal quotation marks and citations omitted)). Thus, Moposita Sisa, like Alberto Rodriguez, is not entitled to relief on his Fifth Amendment claim. *Id.* at *17.

For the reasons set out in more detail in the Court's decisions in *Alberto Rodriguez*, 2025 WL 3754411, at *11–14, and *Meraz v. Bondi*, No. 8:26CV27, 2026 WL 472822, at *9–15 (D. Neb. Feb. 19, 2026), the Court denies Moposita Sisa's claim that he is detained without bond under the wrong statute, 8 U.S.C. § 1225(b)(2), instead of 8 U.S.C. § 1226, as set out in Count Three of his Petition. As the Court explained in *Alberto Rodriguez* and *Meraz*, the Court concludes that § 1225(b)(2) and § 1226(a) overlap: "'[A]lien[s] present in the United States who ha[ve] not been admitted' defined in § 1225(a)(1), to whom § 1225(b)(2) applies, include—as a matter of plain language—the same group of aliens to whom the Supreme Court stated § 1226(a) applies, that is 'aliens already present in the United States.'" *Alberto Rodriguez*, 2025 WL 3754411, at *12 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018)); *Meraz*, 2026 WL 472822, at *9. Like Alberto Rodriguez and Meraz, Moposita Sisa is properly detained under § 1225(b)(2) even if he is also subject to § 1226(a):

> Alberto Rodriguez is an "applicant for admission" as defined by § 1225(a) in that he is "[a]n alien present in the United States who has not been admitted." 8 U.S.C. § 1225(a) (defining "applicant for admission"). He is also an "applicant for admission" consistent with the conclusion of the BIA in *Hurtado* and the Supreme

> Court in *Jennings*. Just because Alberto Rodriguez illegally remained in this country for years does not mean that he is suddenly not an "applicant for admission" under § 1225(b)(2).

*Alberto Rodriguez*, 2025 WL 3754411, at *12; *see also Meraz*, 2026 WL 472822, at *11–15. The same is true of Moposita Sisa. The Supreme Court has explained that "neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings." *Jennings*, 583 U.S. at 297. Moreover, the Fifth Circuit Court of Appeals embraced an essentially similar analysis of the issue in *Buenrostro-Mendez v. Bondi*, 2026 WL 323330 (5th Cir. Feb. 6, 2026). As Judge Jones explained in *Buenrostro-Mendez*, "It is true that § 1226 applies to aliens in the United States. That it does so, however, does not preclude § 1225 from also applying to such aliens. As the government acknowledges, the two provisions overlap." *Buenrostro-Mendez*, 2026 WL 323330, at *7. Thus, Moposita Sisa is not entitled to relief on his claim that he is held under the wrong statute, and he is not entitled to a bond hearing.

Accordingly,

IT IS ORDERED that Petitioner Moposita Sisa's Petition for Writ of Habeas Corpus, Filing 1, is denied.

Dated this 17th day of March, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge